# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GEORGE BOLDEN | |
| Plaintiff, | CIVIL ACTION |
| v. | NO. 1:17-cv-02369-WSD-RGV |
| ASBURY AUTOMOTIVE GROUP, *et al.*, | |
| Defendants. | |

## FINAL REPORT AND RECOMMENDATION

On June 23, 2017, plaintiff George Bolden ("Bolden"), proceeding *pro se*, sought to file an employment discrimination complaint against Asbury Automotive Group ("Asbury"), alleging retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), without prepayment of fees and costs or security therefor pursuant to 28 U.S.C. § 1915(a). [Docs. 1 & 1-1].[1] On July 3, 2017, the Court issued an Order granting Bolden's request to proceed *in forma pauperis*, but ordered him to file an amended complaint within fourteen (14) days to address the deficiencies noted within that Order, including setting forth sufficient allegations to support his retaliation claim under Title VII and the Federal Rules of Civil Procedure. See [Doc. 2]. The Order also cautioned Bolden that failure

---

[1] The document and page numbers in citations to the record refer to the document and page numbers listed in the Adobe file reader linked to this Court's electronic filing database, CM/ECF.

to comply with the Order "may result in a recommendation that this action be dismissed." [Id. at 7]. On July 17, 2017, Bolden filed a motion for an extension of time to file his amended complaint, [Doc. 5], and on July 21, 2017, the Court granted him a fourteen-day extension, [Doc. 6]. On August 1, 2017, Bolden filed an amended complaint, naming Asbury and Nalley Nissan of Atlanta[2] ("Nalley") as defendants in the caption, see [Doc. 7]; however, his amended complaint still fails to state a plausible claim under Title VII. Bolden's amended complaint is therefore before the Court for a frivolity determination pursuant to 28 U.S.C. § 1915(e)(2), and for the reasons that follow, it is **RECOMMENDED** that Bolden's amended complaint, [Doc. 7], be **DISMISSED**.

"'Where a plaintiff is proceeding in forma pauperis, a district court is required to sua sponte determine whether the complaint: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.'" Bacon v. Ga. Ports Auth., No. CV410-281, 2010 WL 5538515, at *1 n.3 (S.D. Ga. Dec. 17, 2010), adopted as modified by 2011 WL 43504, at *1 (S.D. Ga. Jan. 6, 2011) (citations omitted) (quoting 28 U.S.C. § 1915(e)(2)). A complaint is frivolous when it "lacks an arguable basis

---

[2] In the charge that Bolden filed with the U.S. Equal Employment Opportunity Commission ("EEOC"), which is attached to his amended complaint, Bolden named "Asbury Automotive Group DBA Nalley Nissan of Atlanta" as his employer. [Doc. 7 at 14].

2

either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). That is, "[a]n *in forma pauperis* complaint is considered frivolous if the Court determines the factual allegations are 'clearly baseless' or the legal theories are 'indisputably meritless.'" Austin v. Fla. Dep't of Children & Families, No. 3:09-cv-907-J-25MCR, 2009 WL 3817602, at *1 (M.D. Fla. Nov. 16, 2009), adopted at *1 (quoting Neitzke, 490 U.S. at 327). A complaint may be dismissed for failure to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). While *pro se* pleadings are entitled to liberal construction, "liberal construction cannot serve as a substitute for establishing a cause of action." Austin, 2009 WL 3817602, at *1 (citation omitted).

Bolden's amended complaint, which is a form complaint used when asserting an employment discrimination claim, contains allegations similar to his original complaint. Compare [Doc. 7], with [Doc. 3]. Bolden alleges that he has been retaliated against for his opposition to a practice that he believes violated Title VII. [Doc. 7 at 6]. Specifically, Bolden asserts that he "signed paperwork [at orientation] stating how [he would] deal with customer[s and] what [he could] and [could not] do," but once he "started at the dealership all of the practices that [he] signed on stating that [he] wouldn't do [were] being done and asked for [him] to also do by management." [Id. at 7]. He further asserts that he was terminated after two incidents that occurred in October 2016. [Id. at 7-9].

First, he "was working a deal with a customer" on a "$5,999 [vehicle] that was marked up for $8,999" and was told to offer the customer a "monthly payment of almost $400" with "$1000 down," but the customer said Bolden "was cheating him and left." [Id. at 7]. Bolden was asked by the manager to offer him different monthly payment options, but the customer did not accept the alternative terms. [Id.]. After this incident, Bolden talked to the manager about it and "mentioned talking to human resources because [he] was told not to do that," and the following day, he spoke with the general sales manager, who told Bolden "he [would] handle it." [Id.].

On another occasion, a customer came to purchase a vehicle, but the finance manager "signed him up" on a different vehicle. [Id. at 7-8]. The customer called the next day and stated that he "didn't want that car," and Bolden was told to tell him "'don't worry about it, to drive [the] car for [the] weekend and just come in on [M]onday with mom, [and the dealership would] redo the deal.'" [Id. at 8]. When the customer arrived on Monday as instructed, the finance manager told Bolden that "he was go[ing to] make [him] 2 deals," and instructed him to tell the customer that the deal was already funded, so he would have to trade the car for another vehicle. [Id.]. Bolden alleges that he spoke with the general sales manager to complain that this was not "right," and he also stated that he wanted to speak to human resources because he did not "want to get accused of cheating customers," but Bolden was told

4

if he did not want to do it "he [could] get someone else to finish the deal for [him]." [Id. at 8-9]. The next day he asked the general manager to discuss the issue, but he did not take the time to speak with Bolden that day, and the following day, Bolden was told that the general manager said he was not "a good fit" and that he could go to another dealership within the company. [Id. at 9]. Bolden then contacted human resources, at which time he was told he "didn't do what [he] was supposed to do, that [he was] being fired and put on the no rehire list." [Id.]. He alleges that thereafter "multiple write ups showed up in [his] file to cover the company" and that he felt he was fired "because [he] talked about addressing [human resources] and then [he] was set up with [human resources] while doing [his] job." [Id.].

Bolden's amended complaint still fails to state a plausible claim of retaliation under Title VII. Title VII prohibits an employer from retaliating against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a); see also Smithers v. Wynne, 319 F. App'x 755, 756 (11th Cir. 2008) (per curiam) (unpublished) (citation omitted). Although "'a complaint in an employment discrimination lawsuit [need] not contain specific facts establishing a *prima facie* case of [retaliation] under the framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973),'" Liburd v. Bronx Lebanon

Hosp. Ctr., No. 07 Civ. 11316(HB), 2008 WL 3861352, at *4 (S.D.N.Y. Aug. 19, 2008) (first alteration in original) (citation omitted) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513 (2002)), vague and conclusory allegations without more are insufficient to support a retaliation claim, see Salazar v. Hostmark, No. CV 112–145, 2012 WL 6128435, at *3 (S.D. Ga. Nov. 20, 2012), adopted by 2012 WL 6127981, at *1 (S.D. Ga. Dec. 10, 2012).

To establish a Title VII retaliation claim, Bolden must show: (1) that he engaged in statutorily protected expression; (2) that he suffered an adverse employment action; and (3) that there is some causal relation between the two events. Id. (citations omitted). "Statutorily protected expression refers to an expression in opposition to some practice that is unlawful under Title VII, such as an internal complaint of racial discrimination or sexual harassment." Id. (citations and internal marks omitted). Bolden has failed to "allege that he engaged in any of the sort of statutorily protected expression contemplated by Title VII." Id. (citation omitted). Indeed, while he alleges that he spoke with the general sales manager about both incidents and requested to speak to human resources, he has not alleged that his complaints involved a protected characteristic under Title VII, but instead, it appears he was complaining about the dealership allegedly "cheat[ing]" customers. See [Doc. 7 at 9]; see also [id. at 14 (stating in his EEOC charge that he "reported claims of fraud to upper management")]. He "does not, for instance,

allege that he ever filed an internal complaint concerning racial discrimination or [] harassment." Salazar, 2012 WL 6128435, at *3; see also Dubose v. SYSCO Corp., No. 1:10–cv–02952–WSD, 2011 WL 1004675, at *2 (N.D. Ga. Mar. 18, 2011) (quoting Coutu v. Martin Cty. Bd. of Comm'rs, 47 F.3d 1068, 1074 (11th Cir. 1995) (per curiam)) ("The Eleventh Circuit has held that 'unfair treatment, absent discrimination based on race, sex, or national origin, is not an unlawful employment practice under Title VII.'"). Thus, it is not apparent from the allegations of Bolden's amended complaint that any internal complaints he made were based on a protected characteristic under Title VII. See generally [Doc. 7].[3]

For the foregoing reasons, Bolden's amended complaint fails to state a claim for retaliation under Title VII. See generally [Doc. 7]. Accordingly, it is **RECOMMENDED** that Bolden's amended complaint be **DISMISSED** for failure to state a plausible claim. See Enadeghe v. Ryla Teleservices, Inc., Civil Action No. 1:08-CV-3551-TWT, 2010 WL 481210, at *10 (N.D. Ga. Feb. 3, 2010), adopted at *1 (citations omitted) (dismissing plaintiff's Title VII discrimination and retaliation

---

[3] Bolden asserts in his EEOC charge that he "was not taken seriously by non-African American management due to [his] race (African American)." [Doc. 7 at 14]. However, he does not allege that he ever complained to anyone about this, but rather, his complaints pertained to "claims of fraud," which is not based on any characteristic protected by Title VII. [Id.].

7

claims where "[s]imilar to the Plaintiff's previously filed Complaint, the Amended Complaint contains only conclusory allegations of an alleged wrong.").

The Clerk is **DIRECTED** to terminate this reference.

**IT IS SO RECOMMENDED**, this 8th day of August, 2017.

_____
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE