# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GEORGE BOLDEN,<br><br>    Plaintiff,<br><br>v.<br><br>ASBURY AUTOMOTIVE GROUP and NALLEY NISSAN OF ATLANTA,<br><br>    Defendants. | 1:17-cv-2369-WSD |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Russell G. Vineyard's Final Report and Recommendation [8] ("R&R"), recommending that this action be dismissed under 28 U.S.C. § 1915(e)(2)(B).

## I. BACKGROUND

### A. Facts

This is an employment discrimination case. Plaintiff George Bolden ("Plaintiff") appears to allege that he was hired, in October 2016, by Defendants Asbury Automotive Group and Nalley Nissan of Atlanta (together, "Defendants"). Plaintiff states that, during his employee orientation, he "signed paperwork stating how [he would] deal with customer[s] [and] what [he could] and [could not] do,"

but once he "started at the dealership all of the practices that [he] signed on stating that [he] wouldn't do [were] being done and asked for [him] to also do by management." (Am. Compl. at 7). Plaintiff alleges that, on one occasion, he "was working a deal with a customer" on a "$5,999 [vehicle] that was marked up for $8,999." (Am. Compl. at 7). Plaintiff was told, presumably by another staff member, to offer the customer a "monthly payment of almost $400" with "$1000 down." (Am. Compl. at 7). The customer said Plaintiff "was cheating him and left." (Am. Compl. at 7). Plaintiff, at the direction of his manager, offered the customer a lower monthly payment option, which the customer also rejected. (Am. Compl. at 7). Plaintiff told his manager that he wanted to talk to "human resources because [he] was told not to do that." (Am. Compl. at 7).[1] The next day, Plaintiff spoke with Defendants' general sales manager, who told him "he [would] handle it." (Am. Compl. at 7).

Defendants' finance manager later sold a new Nissan Versa vehicle to a customer who had requested a used Nissan Altima. (Am. Compl. at 7-8). The customer called the next day and told Plaintiff he "didn't want th[e] car." (Am. Compl. at 8). At the direction of Defendants' general sales manager, Plaintiff told the customer, "don't worry about it, to drive [the] car for [the] weekend and just

---

[1] Plaintiff does not clearly identify what he was told not to do.

come in on Monday with mom [and Defendants will] redo the deal." (Am. Compl. at 8). When the customer arrived on Monday, Defendants' finance manager instructed Plaintiff to tell the customer that, "because the deal was already funded," the customer could only trade the Nissan Versa for another vehicle. (Am. Compl. at 8). Plaintiff reported this incident to his general sales manager, told him "it ain't right," and said he wanted to speak to human resources because he did not "want to get accused of cheating customers." (Am. Compl. at 8-9). The general sales manager told Plaintiff that, if he did not "want to tell the customer that the other deal was already funded, [the general sales manager could] get someone else to finish [the] deal for [him]." (Am. Compl. at 8-9). A few days later, the general sales manager told Plaintiff that the general manager thought he was not "a good fit" and that he should join a different "dealership under the Nalley brand." (Am. Compl. at 9). Plaintiff contacted a human resources employee, who told him he "didn't do what [he] was supposed to do, that [he was] being fired and put on the no rehire list." (Am. Compl. at 9). "Multiple write ups [then] showed up in [Plaintiff's] file to cover the company." (Am. Compl. at 9). Plaintiff claims his employment was terminated because he "talked about addressing HR and then [he] was set up with HR while doing [his] job." (Am. Compl. at 9).

B.     Procedural History

On June 23, 2017, Plaintiff filed his Application for Leave to Proceed In Forma Pauperis ("IFP Application") to which he attached his Pro Se Employment Discrimination Complaint Form [1.1] ("Initial Complaint"). The Initial Complaint asserted a Title VII retaliation claim against Defendant Asbury Automotive Group. On July 3, 2017, the Magistrate Judge granted Plaintiff's IFP Application, identified several deficiencies in Plaintiff's Initial Complaint, and ordered Plaintiff to file a properly pleaded amended complaint "or face dismissal of this action." ([2] at 7). On August 1, 2017, Plaintiff filed his Amended Pro Se Employment Discrimination Complaint Form [7] ("Amended Complaint"), asserting a Title VII retaliation claim against Defendants Nalley Nissan of Atlanta and Asbury Automotive Group. Plaintiff's Amended Complaint contains allegations similar to those in his Initial Complaint. On August 8, 2017, the Magistrate Judge screened Plaintiff's Amended Complaint and issued his R&R, recommending that this action be dismissed, under 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim. Plaintiff did not file objections to the R&R.

## II. DISCUSSION

### A. Legal Standards

#### 1. Frivolity Review under 28 U.S.C. § 1915(e)(2)(B)

"Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an *in forma pauperis* action if the court determines that the action is 'frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.'" Thibeaux v. U.S. Atty. Gen., 275 F. App'x 889, 892 (11th Cir. 2008) (quoting 28 U.S.C. § 1915(e)(2)(B)). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H&S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)). To avoid dismissal under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Mere "labels and conclusions" are insufficient. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). This requires more than the "mere possibility of misconduct." Am. Dental, 605 F.3d at 1290 (quoting Iqbal, 556 U.S. at 679). The well-pled allegations must "nudge[] [plaintiff's] claims across the line from conceivable to plausible." Id. at 1289 (quoting Twombly, 550 U.S. at 570).

Plaintiff filed his Amended Complaint *pro se*. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. See Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005). "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007). "[A] district court does not have license to rewrite a deficient pleading." Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

### 2. Magistrate Judge's Report and Recommendation

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate

judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984). Plaintiff did not file objections to the R&R, and the Court thus reviews it for plain error.

B. Analysis

Plaintiff claims he was terminated in retaliation for his complaints to Defendants' human resources department, in violation of Title VII of the Civil Rights Act of 1964. Under Title VII, it is unlawful "for an employer to discriminate against any of his employees . . . because [the employee] has opposed any practice made an unlawful practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a). To adequately plead a Title VII retaliation claim, "plaintiff must allege that (1) he engaged in statutorily protected activity, (2) he suffered a materially adverse employment

7

action, and (3) a causal relationship between the two events exists." Palmer v. McDonald, 624 F. App'x 699, 702 (11th Cir. 2015). "'Statutorily protected expression' refers to an expression in opposition to some practice that is unlawful under Title VII, such as an internal complaint of racial discrimination or sexual harassment." Salazar v. Hostmark, No. 1:12-CV-145-JRH-WLB, 2012 WL 6128435, at *3 (S.D. Ga. Nov. 20, 2012). "Unfair treatment, absent discrimination based on race, sex, or national origin, is *not* an unlawful employment practice under Title VII." Coutu v. Martin Cty. Bd. of Cty. Comm'rs, 47 F.3d 1068, 1074 (11th Cir. 1995).

The Magistrate Judge found that Plaintiff fails to state a retaliation claim under Title VII because "he has not alleged that his [internal] complaints involved a protected characteristic under Title VII, but instead it appears he was complaining about the dealership allegedly 'cheating' customers." (R&R at 6). The Magistrate Judge previously identified this deficiency in Plaintiff's Initial Complaint and warned Plaintiff that his action would be dismissed if the deficiency was not addressed. Plaintiff's Amended Complaint contains the same deficiency because, like the Initial Complaint, it alleges that "Plaintiff complained about general unfair treatment, not sex discrimination or any other type of discrimination prohibited by Title VII." Dubose v. SYSCO Corp., No. 1:10-CV-02952-WSD,

8

2011 WL 1004675, at *2 (N.D. Ga. Mar. 18, 2011). The Magistrate Judge recommends that this action be dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. The Court finds no plain error in the Magistrate Judge's findings and recommendations, and this action is dismissed. See Enadeghe v. Ryla Teleservices, Inc., No. 1:08-CV-3551-TWT, 2010 WL 481210, at *10 (N.D. Ga. Feb. 3, 2010) (dismissing a *pro se* employment discrimination action "[b]ecause Plaintiff's Complaint still fails to state a claim after being given a chance to amend her Complaint to correct the deficiencies in the Complaint").

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Russell G. Vineyard's Final Report and Recommendation [8] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.


**SO ORDERED** this 21st day of September, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE